Danny MASON, Plaintiff–Appellant,

v.

David HORAN, et al., Defendants–
Appellees.

No. 02–15837.

D.C. No. CV–99–15–TUC–JMR.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 13, 2003.

Decided Aug. 22, 2003.

Vernon E. Peltz, Tucson, AZ, for Plaintiff–Appellant.

Janet K. Martin, AUSA, USTU—Office of the U.S. Attorney, Evo A. DeConcini, Tucson, AZ, for Defendant–Appellee.

Before HAWKINS and W. FLETCHER, Circuit Judges, and BREYER, District Judge.*

### MEMORANDUM**

Appellant brought an excessive-force claim against appellee David Horan, an agent with the Drug Enforcement Administration. After initially denying Horan's motion for summary judgment based on qualified immunity, the district court reconsidered its ruling in light of the Supreme Court's intervening decision in *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001). This appeal followed. The issue before this Court is whether the district court correctly found that the undisputed facts established as a matter of law that Horan was entitled to qualified immunity. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

* Honorable Charles R. Breyer, United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

Even when a reasonable juror could find "on a favorable view of the parties' submissions" that a police officer used excessive force, the officer is entitled to qualified immunity unless there was "a clearly established rule prohibiting [him] from acting as he did." *Id.* at 209. "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Id.* at 202.

Officer Horan shot and injured appellant as appellant was fleeing from Horan and two other law enforcement officers in his truck. Moments earlier, appellant had driven the truck in reverse straight toward one of the officers, causing him to dive out of the way and into a cactus. As a result of that conduct, appellant was charged with, and pled guilty to, assault on a peace officer.

The standard for the use of deadly force against fleeing suspects was articulated by the Supreme Court in *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). While noting that "[t]he use of deadly force to prevent the escape of all felony suspects, whatever the circumstances, is constitutionally unreasonable," the Court held that "where the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others, it is not constitutionally unreasonable to prevent escape by using deadly force." *Id.* at 11. Thus, said the Court, "if the suspect threatens the officer with a weapon or there is probable cause to believe that he has committed a crime involving the infliction or threatened infliction of serious physical harm, deadly force may be used if necessary to prevent escape" and if warning has been given. *Id.* at 11–12.

Here, it was undisputed that appellant committed a crime involving the threatened infliction of serious physical harm. It was also undisputed that the shot that injured appellant was fired as he was fleeing the scene of the assault. *Garner* supports the conclusion that a reasonable officer in Horan's position could have determined that the use of deadly force to prevent escape under such circumstances was constitutionally acceptable. Officer Horan was therefore entitled to qualified immunity, and summary judgment in Horan's favor was appropriate.

AFFIRMED.